IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O. PAUL SCHLENVOGT,

    Plaintiff,                      CIV-S-06-1613 MCE GGH PS

    vs.

SCOTT MARSHALL, et al.,

    Defendants.                 ORDER AND FINDINGS AND
                                            RECOMMENDATIONS

_____/

        Presently before this court are three motions to dismiss, two filed by the State of California and California Highway Patrol ("CHP defendants") on June 22, 2006, and June 23, 2006,[1] and one filed by defendants Marshall, Villasenor, Troughton, Morton, Pearson, Wheeler, Turner, Scroggins, Poyner, Moran, County of Colusa, Colusa County Sheriff's Department, Franklin, Ferrannini and Downey Brand LLP ("Group Defendants"), on June 26, 2006. Also before the court is defendant City of Williams' ("Williams") motion to strike the amended

\\\\\

\\\\\

---

[1] The second motion brought by this defendant is to dismiss the first amended complaint, filed June 23, 2006.

1

complaint, filed June 26, 2006.[2]  Having reviewed the record and the parties' papers, the court now issues the following order and findings and recommendations.

BACKGROUND

Before this court ordered severance, plaintiff Schlenvogt was joined in the fourth lawsuit filed by vexatious litigant Espinosa relating to the foreclosure on and sale of Espinosa's parents' property in Colusa County.  The previous three cases are closed, the previous one terminated after the court found plaintiff to be a vexatious litigant.  Plaintiff Espinosa has already been identified as vexatious by this court while plaintiff Schlenvogt does not have a history of federal lawsuits in this court.  See Espinosa v. Rudolph, Civ.S. 04-0203 MCE GGH PS.  Most recently, Espinosa was ordered to file a bond in the case from which Schlenvogt was severed.  See Espinosa v. Marshall, Civ.S. 06-1192 MCE GGH PS.

This instant complaint contains 27 counts plus three claims for relief.  Almost all of them concern plaintiff Espinosa only.  Only counts 26 and 27[3] concern plaintiff Schlenvogt and they are for the most part separate from the claims brought by Espinosa.  Schlenvogt alleges that as a witness to a murder for hire scheme by defendant Villasenor, he was illegally arrested to prevent him from communicating with federal investigators, falsely imprisoned in jail for six days, released from jail without the opportunity to go before a magistrate, and threatened with bodily force.  He also claims that his vehicle was seized by defendants Villasenor and Troughton, and that his minor child was threatened during a robbery by these two defendants.  (Compl. at 26-27.)  Schlenvogt claims that as a result of the false imprisonment, he lost his income from his bee hive business.  (Id.)  Plaintiff Espinosa is involved in none of these claims.  The only claim tenuously related to Espinosa's claims is that Schlenvogt was a witness to a murder for hire plot

---

[2] Some of these matters were originally noticed on this court's calendar for July 26, 2006, but were vacated and taken under submission without a hearing.

[3] There are two separate counts which are both enumerated number 26.  (Compl. at 25-26.)

2

1 alleged by Espinosa.  Of the remaining 25 or more claims, they relate only to Espinosa and his
2 problems with title to property.

3       When this court severed Schlenvogt's action from Espinosa's on July 21, 2006, it
4 directed that all pending motions in that case be duplicated and entered in this new action.
5 Therefore, much of these motions relate only to Espinosa.  The arguments relating to Schlenvogt
6 will be addressed here.

7 DISCUSSION

8 I. Motion to Strike First Amended Complaint / Motions to Dismiss First Amended Complaint

9       Schlenvogt (along with Espinosa) filed an amended complaint on June 21, 2006,
10 prior to the court order severing the actions.  Once an answer has been filed, a party may amend a
11 pleading only by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P.
12 15(a).  An answer was filed on June 21, 2006, prior to the filing of the amended complaint.  See
13 Docket entries numbered 22 and 28.  Plaintiff has filed neither a motion to amend nor a
14 stipulation to amend the complaint signed by all parties.  Plaintiff's opposition states he has no
15 objection to the motion to strike.  Plaintiff's amended complaint will therefore be stricken, and
16 this action will proceed on the complaint filed June 1, 2006. Consequently, the motion to
17 dismiss by the CHP defendants is denied as moot.  The court separately recommends that these
18 defendants be dismissed based on their first motion to dismiss.  See infra.  The motion to dismiss
19 filed by the Group Defendants is denied as moot also.  These defendants may renew their motion
20 as it applies to the original complaint, and as it pertains to plaintiff Schlenvogt only.

21 II. CHP Defendants' Motion to Dismiss Original Complaint

22       The CHP and the State of California raise various grounds in support of their
23 motion to dismiss the original complaint, filed June 22, 2006, including Eleventh Amendment
24 immunity.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private
25 parties against a state or state agency unless the state or the agency consents to such suit.  See
26 Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam);

Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California and the CHP[4] have not consented to suit. Accordingly, plaintiff's claims against these defendants are frivolous and must be dismissed. The court will not address defendants' remaining arguments.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant City of Williams' motion to strike the amended complaint, filed June 26, 2006, is granted.

2. Plaintiff's June 21, 2006 amended complaint is stricken.

3. Defendant CHP's motion to dismiss first amended complaint, filed June 23, 2006, is denied as moot.

4. The motion to dismiss the amended complaint, filed by Marshall, Villasenor, Troughton, Morton, Pearson, Wheeler, Turner, Scroggins, Poyner, Moran, County of Colusa, Colusa County Sheriff's Department, Franklin, Ferrannini and Downey Brand LLP on June 26, 2006, is denied as moot. These defendants may file a motion to dismiss as it pertains to the complaint filed June 1, 2006, and as it pertains to plaintiff Schlenvogt only.

IT IS RECOMMENDED that the motion to dismiss, filed June 22, 2006, by defendants CHP and State of California be granted and these defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are

---

[4] The CHP is a department of the state.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 2/13/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Schlenvogt.mtns.wpd