IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O. PAUL SCHLENVOGT,

    Plaintiff,                                CIV-S-06-1613 MCE GGH PS

    vs.

SCOTT MARSHALL, et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

_____/

        Presently before this court are an amended motion to dismiss by defendants Marshall, Villasenor, Troughton, Morton, Pearson, Wheeler, Turner, Scroggins, Poyner, Moran, County of Colusa, Colusa County Sheriff's Department, Franklin, and Downey Brand LLP ("Group Defendants"), filed March 6, 2007; and defendant City of Williams' ("Williams") motion for summary judgment, filed June 29, 2007.[1]  Having reviewed the record and the parties' papers, the court now issues the following findings and recommendations.

BACKGROUND

        This instant complaint contains 27 counts plus three claims for relief.  Almost all of them concern former plaintiff Espinosa only, whose action was previously severed from this

---

[1] These matters were originally noticed for hearing, but were vacated and taken under submission without oral argument.

1

action. Only counts 26 and 27[2] concern plaintiff Schlenvogt and they are for the most part separate from the claims brought by Espinosa.[3] Schlenvogt alleges that as a witness to a murder for hire scheme by defendant Villasenor, he was illegally arrested to prevent him from communicating with federal investigators, falsely imprisoned in jail for six calendar days, released from jail without the opportunity to go before a magistrate, and threatened with bodily force. He also claims that his vehicle was seized by defendants Villasenor and Troughton who had entered "into an agreement, common course of conduct, common enterprise and/or conspiracy to use violence in the interference with PLAINTIFF SCHLENVOGT'S interstate commerce." He terms the seizure of his vehicle as a robbery and alleges that his minor child was threatened during the robbery by these two defendants. Schlenvogt claims that as a result of the false imprisonment, he lost income from his bee hive business. (Compl. at 26-27.)

When this court severed Schlenvogt's action from Espinosa's on July 21, 2006, it directed that all pending motions in that case be duplicated and entered in this new action. Therefore, much of these motions relate only to Espinosa. The arguments relating to Schlenvogt only will be addressed here.

DISCUSSION

I. MOTION TO DISMISS (GROUP DEFENDANTS)

    A. Legal Standard for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The

---

[2] There are two separate counts which are both enumerated number 26. (Compl. at 25-26.)

[3] The only claim tenuously related to Espinosa's claims is that Schlenvogt was a witness to a murder for hire plot alleged by Espinosa. The remaining 25 or more claims relate only to Espinosa and his problems with title to property.

pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

B. The Parties' Claims

The Group Defendants bring this motion for failure to state a claim and or in the alternative for a more definite statement. Defendant Williams has filed a notice of non-

opposition to the motion. The Group Defendants are mostly peace officers, with the exception of John Poyner, who is Colusa County District Attorney, and Kathleen Moran, the Colusa County Recorder. Defendants contend that the claims alleged concern a traffic stop on March 29, 2006. Defendants have submitted copies of an arrest report indicating that defendant Villasenor stopped plaintiff for a broken tail light. Plaintiff allegedly nearly assaulted the officer and stopped only after Villasenor took out his Taser. Reply, Ex. D at 7. After plaintiff calmed down, he produced a California driver's license which was expired. At this time, the officer put away his Taser. Plaintiff's North Dakota driver's license was also checked on the database which indicated it was "status only" and did not give him driving privileges. A citation for a broken tail light and driving without a license was issued, but plaintiff refused to sign it and demanded to be taken before a magistrate. Plaintiff was then taken into custody and driven to jail. His truck was impounded pursuant to California law where an arrest is made without a valid license. Id. at 7-8. Defendants cite to the complaint for the allegation that plaintiff refused to leave jail because he continued his demand to appear before a magistrate. Plaintiff was released on April 3, 2006, the first court date after his probable cause review which was completed on March 31, 2006, within 48 hours after his arrest. Reply, Ex. E at 2, 9.

Plaintiff's opposition mostly argues the claims of former co-plaintiff Espinosa, and contends that the undersigned and his staff are part of the conspiracy against plaintiff and retaliated against him.[4]

C. RICO Claims

The complaint alleges three claims for relief. The first and second claims are for violations of 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Compl., ¶¶ 116-122, 123-26.

\\\\\

---

[4] The opposition is untimely.

*Legal Standard for RICO Claim*

RICO gives a private right of action to anyone injured in his business or property by a violation of § 1962. 18 U.S.C. § 1964(c). The substantive provisions of RICO, 18 U.S.C. § 1962(a)-(d), outlaw four types of racketeering-related activities: First, one may not invest income derived from a pattern of racketeering activity in an enterprise. §1962(a). Second, one may not gain control of an enterprise through a pattern of racketeering activity or unlawful collection of debt. §1962 (b). Third, no one "employed by or associated with any enterprise" may conduct the enterprise's affairs through a pattern of racketeering activity. §1962(c). Finally, it is unlawful to conspire to violate the three substantive provisions. §1962(d). Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 23 n. 1 (2d Cir.1990).

Subsections (a) and (b) constitute the "outsider" provisions of RICO. See, e.g., Reves v. Ernst & Young, 507 U.S. 170, 185, 113 S. Ct. 1163, 1173 (1993). A plaintiff seeking civil damages for a § 1962(a) violation must allege the use or investment of the racketeering income. See Nugget Hydroelectric, L.P. v. Pacific Gas and Elec, Co., 981 F.2d 429, 437 (9th Cir.1992). Similarly, a plaintiff seeking damages for a § 1962(b) violation must allege defendants used racketeering profits to gain control of an enterprise. See Biofeedtrac v. Kolinor Optical Enterprises & Consultants, 832 F. Supp. 585, 590 (E.D.N.Y.1993).

Claims One and Two allege violations of § 1962(c) and (d).

In general, five elements comprise a civil RICO claim brought under § 1962(c):

> (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's 'business or property.' 18 U.S.C. §§ 1964(c), 1962(c); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 3284-85, 87 L.Ed.2d 346 (1985).

Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996).

1. Conduct. "Conduct" subjecting a defendant to RICO liability exists if the defendant is involved in the operation or management of the enterprise. See, e.g., Biofeedtrac v. Kolinor Optical Enterprises & Consultants, 832 F. Supp. 585, 590 (E.D.N.Y.1993) (attorney who

5

suborned perjury and engaged in mail and wire fraud not sufficiently involved in directing affairs of enterprise to sustain RICO liability); Morin v. Trupin, 835 F. Supp. 126, 133-36 (S.D.N.Y.1993) (dismissing RICO claim against attorneys where complaint merely alleged that they had drafted documents and directed other defendants as to where to sign them).

2. Enterprise. Either a legal entity or individuals actually associated together in fact may constitute an "enterprise." 18 U.S.C. § 1961(4). It has been described as "a group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2524, 2528 (1981). There must be an ongoing organization, united for illicit purposes, and evidence that the associates function as an ongoing unit. Id.

3. Pattern. A "pattern" consists of "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). In deciding whether a pattern exists, this Circuit has "framed the question as whether the acts are isolated or repeated and, if repeated, whether they pose a 'threat of continuing activity.'" Jarvis v. Regan, 833 F.2d 149, 153 (9th Cir. 1987) (quoting Sun Savings & Loan Ass'n v. Dierdorff, 825 F.2d 187, 193 (9th Cir.1987)). The Jarvis court found that three alleged acts of mail and wire fraud committed to fraudulently obtain a single federal grant were not sufficient to form a pattern of racketeering activity. Id.

4. Racketeering Activity. "Racketeering activity" is any act indictable under the several provisions of Title 18 of the United States Code, including the predicate acts alleged in this case: mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), federal extortion (18 U.S.C. § 1951).

5. Application. The RICO claims in this case fail. As a threshold matter, the complaint fails to allege that defendants Marshall, Villasenor, Troughton, Morton, Pearson, Wheeler, Turner, Scroggins and Moran are distinct from the enterprise. "For the purposes of a single action, a corporate defendant cannot be both the RICO person and the RICO enterprise under section 1962(c)." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1534 (9th Cir. 1992), citing

1  Wilcox v. First Interstate Bank of Oregon, 815 F.2d 522, 529 (9th Cir.1987).   Here, plaintiff
2  alleges the enterprise is the County of Colusa.  Certainly, no plausible allegation has been made
3  that the County of Colusa is maintained to engage in illicit conduct.
4      Moreover, a "pattern" does not exist, absent a continued threat of criminal
5  activity.  H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S. Ct. 2893 (1989).  A
6  single episode, while it may consist of several discrete events, does not constitute a pattern of
7  racketeering activity.  Apparel Art Int'l. Inc. v. Jacobson, 967 F.2d 720 (1st Cir. 1992).  Acts
8  which relate to a single objective do not constitute a pattern.  See Religious Technology Ctr. v.
9  Wollersheim, 971 F.2d 364, 366-67 (9th Cir. 1992) (finding no threat of continuing activity
10 beyond conclusion of state tort case when only goal of law firm defendants was successful
11 prosecution of state case).  Plaintiff fails to allege conduct that either constitutes a continuing
12 pattern of criminal activity or threatens such activity.  See Allwaste, Inc. v. Hecht, 65 F.3d 1523,
13 1527 (9th Cir.1995).  No facts are alleged to demonstrate in this case the "long term criminal
14 activity" anticipated by Congress.  H.J. Inc., 492 U.S. at 230, 109 S. Ct. 2896.  Furthermore, as
15 pointed out by defendants, their acts were authorized by California law, the constitutionality of
16 which plaintiff does not contest, and therefore do not meet the pattern requirement of at least two
17 *unlawful* acts occurring within ten years of each other.  18 U.S.C. § 1961(5).
18     Since plaintiff has failed to allege facts demonstrating a substantive RICO
19 violation, he has likewise failed to plead the existence of a conspiracy to violate RICO.  See
20 Neibel v. Trans World Assurance Co, 108 F.3d 1123, 1128 (9th Cir. 1997).
21     It is clear that plaintiff cannot cure the pleading defects discussed above.
22 Accordingly, the court recommends that the RICO claims as alleged in the first and second
23 claims for relief be dismissed.
24    D.  Claim Under 42 U.S.C. § 1983
25     Plaintiff's third claim for relief is that defendants interfered with his interstate
26 commerce privileges.  Compl., ¶ 130.  He seeks an injunction "to protect [plaintiffs']

7

constitutional rights to reasonable travel and legal employment without unreasonable interference by enjoining" defendants from "all traffic stops regarding enforcement of the California Vehicle Code, except in those instances where there is an immediate threat to life, or property ...." Compl., ¶ 131, p. 34. Plaintiff does not seek damages. Defendants claim that plaintiff has no standing to raise this claim.

Article III of the Constitution requires concrete cases and controversies before the judicial power vests in the Article III courts. This doctrine is often termed a party's standing to pursue claims. If a plaintiff has no standing, the court has no subject matter jurisdiction.

> "[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction." Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir.1980). "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify the exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498- 99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). There are three requirements for standing: (1) "a plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical;'" (2) "there must be a causal connection between the injury and the conduct complained of--the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court;'" and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted) (alterations in original).

Washington Legal Foundation v. Legal Foundation of Washington, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

"The doctrine of standing is based both on prudential concerns and on constitutional limitations on the jurisdiction of the federal courts." Doran v. 7-Eleven, Inc., 506 F.3d 1191, 1195 (9th Cir. 2007) (citing Bennett v. Spear, 520 U.S. 154, 162 (1997)). "The federal courts are not empowered to seek out and strike down any governmental act that they

deem to be repugnant to the Constitution.  Rather, federal courts sit solely, to decide on the rights of individuals, and must refrain from passing upon the constitutionality of an act unless . . . the question is raised by a party whose interests entitle him to raise it." Hein v. Freedom from Religion Found., Inc.,127 S. Ct. 2553, 2562 (June 25, 2007) (internal quotations and citations omitted).

Plaintiff has no standing to seek this type of injunctive relief.  Plaintiff has not been injured by the fact that traffic stops, including the vast majority of valid traffic stops, take place.  Rather, he has been injured, if at all, by alleged one-time actions taken in concert by a number of individuals to deprive him of constitutional rights including freedom from false arrest and due process after arrest.  Even if the court were of the mind to alter the injunctive relief plaintiff requests to an injunction prohibiting plaintiff from being falsely arrested and maintained in jail without due process, he has failed to demonstrate that any unlawful act in the past is likely to be repeated in the future.  See Demery v. Arpaio, 378 F.3d 1020, 1026 (9th Cir. 2004) (suit for injunctive relief usually moot upon termination of conduct at issue and no likelihood of recurrance); Kruse v. State of Hawai'i, 68 F.3d 331, 335 (9th Cir.1995) (plaintiff must show "sufficient likelihood" that he will be injured again).

Furthermore, plaintiff does not allege that the California Vehicle Code of which he aims to prevent partial enforcement is unconstitutional.  In fact, his opposition clearly states that he is not challenging the constitutionality of Cal. Govt. Code § 26613 which permits enforcement of the Vehicle Code in unincorporated areas of counties with populations exceeding 3,000,000.  Oppo. at 11.  Therefore, he has no federal claim which this requested remedy would cure.

Because all of plaintiff's claims fail, and amendment would not cure the defects, the court will recommend that the action be dismissed with prejudice.  As a result defendant Williams' motion for summary judgment will not be addressed.

\\\\\

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended motion to dismiss, filed on March 6, 2007 by Marshall, Villasenor, Troughton, Morton, Pearson, Wheeler, Turner, Scroggins, Poyner, Moran, County of Colusa, Colusa County Sheriff's Department, Franklin, and Downey Brand LLP be granted and this action be dismissed with prejudice.

2. Defendants City of Williams' motion for summary judgment, filed June 29, 2007, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/29/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Schlenvogt.mtns.wpd