1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  O. PAUL SCHLENVOGT,                No. 2:06-cv-01613-MCE-GGH

12           Plaintiff,

13      v.                            <u>MEMORANDUM AND ORDER</u>

14  SCOTT MARSHALL, et. al.,

15           Defendants.

16                        ----oo0oo----

17

18      Presently before the Court is Defendants' Motion for

19  Attorney's Fees.[1]  Plaintiff did not file an opposition to this

20  motion, but instead filed a "Motion to Strike Defendants' Motion

21  for Attorney's Fees."[2]  For the following reasons, Defendants'

22  Motion is denied and Plaintiff's Motion to Strike is denied.

23

24  _____

25      [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
26  Local Rule 78-230(h).

27      [2] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

1

**BACKGROUND**

The Court has previously set forth a factual background for this action in its Order and Amended Findings and Recommendations entered March 14, 2008 and adopted March 31, 2008.  Those Orders are incorporated by reference and need not be reproduced herein.

The Magistrate Judge assigned to this case found that all of Plaintiff's claims failed and that amendment would not cure the deficiencies in Plaintiff's complaint.  Accordingly, the Magistrate Judge recommended that the case be dismissed with prejudice.  This Court adopted those findings and recommendations in full and judgment was entered in favor of Defendants.

Defendants then moved for attorney's fees pursuant to 42 U.S.C. § 1988, as Plaintiff's complaint alleged violations of 42 U.S.C. § 1983.  Plaintiff did not file an opposition to this motion, but instead filed a "Motion to Strike Defendants' Motion for Attorney's Fees."

**ANALYSIS**

**1.   Motion to Strike**

At the outset, this Court notes that Plaintiff's Motion to Strike Defendants' Motion for Attorney's Fees is technically improper.  Federal Rule of Civil Procedure 12(f) makes clear that a motion to strike applies only to pleadings.  A motion for attorney's fees is not a pleading and, as such, not subject to a motion to strike.  Accordingly, Plaintiff's Motion to Strike is denied.

1   However, because Plaintiff is a pro se litigant, the Court will
2   consider any valid arguments raised in the Motion to Strike that
3   relate to the Motion for Attorney's Fees.

4
5        **2.   Motion for Attorney's Fees**

6
7        Defendants request attorneys' fees in the amount of
8   $35,791.00 pursuant to 42 U.S.C. § 1988, which allows district
9   courts to award such fees to parties that prevail in actions
10  brought under 42 U.S.C. § 1983.[3]  Section 1988 states in
11  pertinent part, "In any action or proceeding to enforce a
12  provision of ... section ... 1983 ... the court, in its
13  discretion may allow the prevailing party ... a reasonable
14  attorney's fee as part of the costs...."  42 U.S.C. § 1988(b).

15       "42 U.S.C. § 1988's authorization of an award of attorneys'
16  fees applies differently to prevailing defendants than to
17  prevailing plaintiffs.  Plaintiffs prevailing in a civil rights
18  action should ordinarily recover an attorneys' fee unless special
19  circumstances would render such an award unjust, but a defendant
20  should be awarded fees not routinely, not simply because he
21  succeeds, but only where the action brought is found to be
22  unreasonable, frivolous, meritless or vexatious."
23  ///

24

25       [3] Plaintiff argues that only Defendants Colusa County and
    the Colusa County Sheriff's Department were sued under § 1983,
26  and therefore, only those defendants are entitled to move for
    attorneys fees under § 1988.  However, because Defendants engaged
27  in a joint defense, the amount of attorney's fees incurred is the
    same regardless of whether Plaintiff sued all of the Defendants
28  or only Colusa County and the Colusa County Sheriff's Department.

1  Mayer v. Wedgewood Neighborhood Coal., 707 F.2d 1020, 1021 (9th

2  Cir. 1983) (internal citations and quotations omitted).  Since

3  Defendants bring this Motion for fees, the pressing issue is

4  whether Plaintiff's claims rose to the level of "unreasonable,

5  frivolous, meritless, or vexatious."

6      The United States Supreme Court elaborated on this standard

7  in Christiansburg Garment Co. v. Equal Employment Opportunity

8  Commission:

9          [T]he term "meritless" is to be understood as meaning
           groundless or without foundation, rather than simply
10         that the plaintiff has ultimately lost his case, and
           ... the term "vexatious" in no way implies that the
11         plaintiff's subjective bad faith is a necessary
           prerequisite to a fee award against him.  In sum, a
12         district court may in its discretion award attorney's
           fees to a prevailing defendant ... upon a finding that
13         the plaintiff's action was frivolous, unreasonable, or
           without foundation, even though not brought in
14         subjective bad faith.

15  434 U.S. 412, (1978) (addressed Title VII claims, but standard

16  later applied to § 1983 claims in Hughes v. Rowe, 449 U.S. 5, 14-

17  15 (1980)).  Furthermore, "[a]n action becomes frivolous when the

18  result appears obvious or the arguments are wholly without

19  merit."  Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th

20  Cir. 2007) (citing Christianburg, 434 U.S. at 422; Hughes, 449

21  U.S. at 14-15).

22      Further, in the case of pro se plaintiffs, "[c]ourts should

23  be cautious when considering an award to a prevailing defendant

24  where the lawsuit was initiated by a party with limited financial

25  resources or one who is appearing pro se."  Wal-Mart Stores, Inc.

26  v. City of Turlock, 483 F. Supp. 2d 1023, 1028 (E.D.C.A.

27  2007)(citing Miller v. Los Angeles County Bd. Of Educ., 827 F.2d

28  617, 619 (9th Cir. 1987)).  "In addition, pro se plaintiffs

4

1  cannot simply be assumed to have the same ability as a plaintiff
2  represented by counsel to recognize the objective merit (or lack
3  of merit) of a claim." <u>Miller</u>, 827 F.2d at 620 (citing <u>Hughes</u>,
4  449 U.S. at 15). By way of example, the Ninth Circuit has
5  indicated that *repeated* attempts by a pro se plaintiff to bring
6  claims previously found to be frivolous would weigh in favor of
7  awarding attorney's fees to the prevailing defendant. <u>Id</u>.

8      Defendants argue that Plaintiff's case was frivolous because
9  this Court determined that Plaintiff lacked standing to prosecute
10 his § 1983 claim. However, this Court's finding "does not render
11 his case per se frivolous, unreasonable, or without foundation."
12 <u>Galen</u>, 477 F.3d at 667. Indeed, the Supreme Court has cautioned
13 against relying on such reasoning. "[I]t is important that a
14 district court resist the understandable temptation to engage in
15 *post hoc* reasoning by concluding that, because a plaintiff did
16 not ultimately prevail, his action must have been unreasonable or
17 without foundation. This kind of hindsight logic could
18 discourage all but the most airtight claims, for seldom can a
19 prospective plaintiff be sure of ultimate success."
20 <u>Christianburg</u>, 434 U.S. at 421-422.

21     This Court does not find that the outcome of the case was
22 "obvious" simply because the Court rendered a decision in
23 Defendants' favor. The end result was that Plaintiff lacked
24 standing, but the only way to reach that conclusion was for the
25 parties to litigate the issue.
26 ///
27 ///
28 ///

Based upon the foregoing, this Court will not issue an award of attorney's fees against Plaintiff.[4]

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Strike Motion for Attorney's Fees is DENIED and Defendants' Motion for Attorney's Fees is also DENIED.

IT IS SO ORDERED.

Dated: September 15, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Defendants' reliance on <u>Peters v. Winco Foods, Inc.</u>, 320 F. Supp. 2d 1035 (E.D.C.A. 2004), is misplaced. The plaintiff in Peters was represented by counsel, had brought the action solely for the purpose of obtaining a quick settlement, and had brought over 30 actions alleging similar boilerplate claims.